IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

| | |
|---|---|
| LANDMARK AMERICAN INSURANCE COMPANY,<br><br>**Plaintiff**,<br><br>v.<br><br>**INNOVATIVE INSURANCE SOLUTIONS LLC and EMPLOYERS INNOVATIVE NETWORK ACQUISITION LLC,**<br><br>**Defendants.** | CIVIL ACTION NO.): 1:22-CV-46<br>(JUDGE KLEEH) |

**REPORT AND RECOMMENDATION, RECOMMENDING THAT PLAINTIFF'S MOTION [ECF NO. 12] FOR DEFAULT JUDGMENT BE GRANTED**

This matter is before the undersigned Magistrate Judge pursuant to a Referral Order [ECF No. 13] entered by the Hon. Thomas S. Kleeh, Chief United States District Judge. By the Referral Order, Judge Kleeh directed the undersigned Magistrate Judge to review Plaintiff's pending motion [ECF No. 12] requesting that the Court enter default judgment against Defendants.

The undersigned convened a hearing, by videoconference, concerning the motion on April 10, 2023. Appearing at the hearing on behalf of Plaintiff were Sabrina Haurin, Esq. and William Marshall Swann, Esq., counsel for Plaintiff. Defendants did not appear through any counsel or corporate representative.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff commenced this action on May 27, 2022, when it filed its Complaint against Defendants. [ECF No. 1]. Plaintiff brought this action in this Court based on diversity jurisdiction. Id. In brief, Plaintiff, an insurance carrier, seeks declaratory relief that a policy of insurance

coverage ("the Policy"), which Plaintiff issued to Defendants, does not require Plaintiff to provide certain coverage to Defendants.

In a separate civil action (the "Underlying Action") pending in the Circuit Court of Marion County, West Virginia, American Bituminous Power Partners, L.P. (the "Underlying Plaintiff") sued Defendants and others. [ECF No. 1-4]. The Underlying Action bears Case No. CC-24-2020-C-136. Underlying Plaintiff alleged that its claims arose from an agreement by which Underlying Plaintiff had outsourced certain services (human resources and professional employer organization) to Defendants. Id. Broadly speaking, Underlying Plaintiff alleged mismanagement of payroll, coverage for workers' compensation and unemployment compensation, personnel policies and files, and the like. Id.

Underlying Plaintiff brought causes of action for the following: (1) breach of contract; (2) tortious conversion; (3) unjust enrichment; (4) fraud; (5) breach of the duty of good faith and fair dealing; and (6) civil conspiracy. Id. As for relief sought, Underlying Plaintiff sought (1) return of monies unlawfully handled, along with a percent thereof for each 30-day period the balance is outstanding, (2) punitive damages, (3) attorney's fees and costs, (4) lost opportunity costs, and (5) interest (both pre- and post-judgment). Id.

In the instant matter, Plaintiff seeks a declaration that it is not obligated, under the Policy, to provide coverage for such alleged claims and losses in the Underlying Action. In support of the relief sought, Plaintiff highlights several exclusions contained in the Policy by which Plaintiff argues that it is not obligated to cover certain types of claims or losses. In particular, Plaintiff names (1) the "Designated Operations Exclusion" (for claims arising from services related to those of a Professional Employer Organization), (2) the "Commingling of Funds Exclusion" (for claims

arising from misappropriation/conversion of funds, or failure to safeguard funds), and (3) the "Contractual Liability Exclusion" (for claims arising from Defendants' contractual obligations).

In the instant matter, Defendants were served with the Complaint [ECF Nos. 5, 6], but never filed an Answer or other responsive pleading, nor did either of them appear otherwise. On September 22, 2022, Plaintiff filed a motion [ECF No. 7] for entry of default by the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a). Accordingly, the Clerk of the Court entered default on October 19, 2022. [ECF No. 8]. Thereafter, Plaintiff filed the presently-pending motion for default judgment [ECF No. 12], by which it seeks entry of a final judgment of default against Defendants, pursuant to Fed. R. Civ. P. 55.

As to the hearing before the undersigned on April 10, 2023, which was set by Order dated March 27, 2023 [ECF No. 14], the Clerk of the Court provided a copy of the Order to Defendants by certified mail, return receipt requested. [ECF Nos. 17, 18]. Delivery of the Order to Defendants was effected on March 30, 2023. Id. As noted above, Defendants did not appear.

## II. SUMMARY OF HEARING OF APRIL 10, 2023

At the hearing before the undersigned, Plaintiff's counsel offered argument. Counsel summarized the procedural history, cited above, and summarized Plaintiff's argument about how the Policy does not afford coverage of Underlying Plaintiff's claims in the Underlying Action. Counsel then specified how Plaintiff seeks a declaration that, by dint of the Designated Operations Exclusion, Commingling of Funds Exclusion, and Contractual Liability Exclusion, Plaintiff has no duty to defend or indemnify Defendants in the Underlying Action.

The undersigned discussed with counsel a particular concern: whether the rendering of a default judgment in a declaratory judgment action, in the absence of a party-defendant appearing and presenting a defense, sets a precedent for the treatment of similarly-situated parties (who may

actually appear and defend) who are subject to the same or similar insurance policies. The undersigned stated that he would enter the instant Report and Recommendation to so specify the concern, and would recommend so limiting the effect of the Court's ultimate order, should the Report and Recommendation be adopted. Counsel for Plaintiff stated that they understood the concern and, with the instant action, were aiming to resolve the dispute herein (and only the dispute herein) – and were aiming to do so only as to the party-defendants herein on procedural grounds, based on Defendants' failure to appear or defend in any way.

### III. ANALYSIS AND FINDINGS

In review of Plaintiff's motion for default judgment [ECF No. 12] and argument and citations to authority therein, and in receiving Plaintiff's argument at the hearing of April 10, 2023, the undersigned **FINDS** that entry of default judgment in Plaintiff's favor against Defendants, for the declaratory relief sought, is appropriate.

As Plaintiff rightly notes, under longstanding caselaw recognizing the doctrine of reasonable susceptibility, an insurance carrier must defend an insured against claims which may reasonably be read as subject to coverage by the insurance policy issued by that carrier. Aetna Cas. & Sur. Co. v. Pitrolo, 176 W. Va. 190, 194, 342 S.E.2d 156, 160 (1986). Yet, an insurance carrier may successfully maintain an argument that it has no duty to defend a claim if an exclusion in the policy precludes coverage of it. Erie Ins. Prop. & Cas. Co. v. Dolly, 507 F. Supp. 3d 702, 709-710 (N.D.W. Va. 2020). In any event, "[a]n insurance company's duty to defend an insured is broader than the duty to indemnify under a liability insurance policy." Bowyer v. Hi-Lad, Inc., 216 W. Va. 634, 651, 609 S.E.2d 895, 912 (2004). As to this last point, as Plaintiff correctly points out, if there is no duty to defend a claim brought against an insured, then there is no duty indemnify the insured,

either. As Plaintiff seeks a declaration that there is neither a duty to defend nor a duty to indemnify Defendants herein under the Policy, this is a fundamental point.

The governing rule for entry of a default judgment in matters such as this where a "sum certain" is <u>not</u> at issue, provides in pertinent part:

> In all other cases, the party must apply to the court for a default judgment . . . The court may conduct hearings or make referrals--preserving any federal statutory right to a jury trial--when, to enter or effectuate judgment, it needs to:
> **(A)** conduct an accounting;
> **(B)** determine the amount of damages;
> **(C)** establish the truth of any allegation by evidence; or
> **(D)** investigate any other matter.

Fed. R. Civ. P. 55(b)(2). Moreover, under the Federal Rules of Civil Procedure, Defendants' failure to appear or file an Answer or other responsive pleading has no bearing on Plaintiff's ability to seek the relief sought. In other words, a party-plaintiff may obtain default judgment even if a party-defendant is wholly absent. In the context of a declaratory judgment action by which a party seeks to adjudicate an insurance carrier's duty to defend and indemnity an insured party, an entry of default judgment can be appropriate. <u>See generally</u> <u>Am. Select Ins. Co. v. Taylor</u>, 445 F. Supp. 2d 681, 685 (N.D.W. Va. 2006).

In the instant case, there has been no submission of evidence, argument, citation to authority, or any other information contrary to Plaintiff's claims and arguments posited herein. As such, in the absence of anything to the contrary, the undersigned **FINDS** that Plaintiff has substantiated the request for entry of default judgment against Defendants. Thus, the undersigned further **FINDS** that declaratory judgment should be entered in Plaintiff's favor, in the manner in which Plaintiff seeks.

Specifically, the undersigned **FINDS** that (a) the Policy does not afford coverage to Defendants in the Underlying Action, because of (b) the application of the Designated Operations

Exclusion, Commingling of Funds Exclusion, and Contractual Liability Exclusion, and as such, (c) Plaintiff has no obligation under the Policy to defend or indemnify Defendants in the Underlying Action. However, the undersigned further **FINDS** that any resulting Order of default judgment in the instant matter should <u>not</u> bar a party, similarly-situated to Defendants, from actively litigating the same or similar questions in other cases and seeking different results. After all, the result here is the result of the procedural posture in which Defendants have failed to appear or defend in any fashion.

Finally, the undersigned **FINDS** that Plaintiff is not entitled to an award of costs, expenses, and attorney's fees. While Plaintiff sought such relief in the Complaint [ECF No. 1], it does not specifically request such relief in its motion [ECF No. 12] for entry of default judgment. While Plaintiff does request "all other relief that the Court deems equitable and just" in its motion for default judgment, the Plaintiff does not specify any authority an award of costs, expenses, and attorney's fees. And the undersigned discerns no provision in the Policy or at law otherwise for an award of costs, expenses, and attorney's fees in this context.

## IV. RECOMMENDATIONS AND CONCLUSION

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that the Court **GRANT** Plaintiff's motion [ECF No. 12] for default judgment, and direct the Clerk of the Court to enter an order of default judgment by which the Court grants judgment for Plaintiff Landmark American Insurance Company against Defendants Innovative Insurance Solutions LLC and Employers Innovative Network Acquisition LLC. The undersigned specifically **RECOMMENDS** that in so doing, the Court specify that Plaintiff is not obligated to either indemnify or defend Defendants in the Underlying Action (that being Case No. CC-24-2020-C-136, in the Circuit Court

of Marion County, West Virginia), because of application of the Policy's Designated Operations Exclusion, Commingling of Funds Exclusion, and Contractual Liability Exclusion.

The undersigned further **RECOMMENDS** that Plaintiff <u>not</u> be awarded costs, expenses, and attorney's fees.

Finally, the undersigned **RECOMMENDS** that the Court specify in its Order that parties who are similarly-situated to Defendants, but who appear and litigate the issues presented, are not precluded from raising proper defenses and arguments, and thus are not foreclosed from achieving a different outcome than that which is recommended here.

Any party have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.** A copy of such objections should also be submitted to the Honorable Thomas Kleeh, United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to timely file written objections to the Report and Recommendation as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in

the United States District Court for the Northern District of West Virginia, <u>as well as to Defendants by certified mail, return receipt requested</u>.

**DATED**:  April 14, 2023.

/s/ Michael John Aloi
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE